In Re GEORGIA SOUTHWESTERN COL-
LEGE, Scott Candler, Jr., Rufus R.
Coody, Erwin A. Friedman, Charles A.
Harris, Jesse Hill, Jr., Torbitt O. Ivey,
Jr., Milton Jones, James D. Maddox, El-
dridge W. McMillan, Charles T. Oxford,
Lamar R. Plunkett, John H. Robinson,
III, P. Bobby Smith, David Tisinger,
Carey Williams, as Members, Board of
Regents of the University System of
Georgia, and the State of Georgia, Peti-
tioners.

No. 81–7275.

United States Court of Appeals,
Fifth Circuit.
Unit B

May 26, 1981.

George P. Shingler, Asst. Atty. Gen., At-
lanta, Ga., for appellants.

Murray Battles, U.S. Dept. of Labor, Bir-
mingham, Ala., Karen MacRae Smith, E.E.
O.C., Appellate Atty., Appellate Branch,
Washington D.C., for appellees.

Before TJOFLAT, VANCE and THOM-
AS A. CLARK, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the petition for
writ of mandamus and/or prohibition is de-
nied.

THOMAS A. CLARK, Circuit Judge, dis-
senting:

I dissent. The district court adjudicated
the liability aspects of the Secretary's suit
which charged the State of Georgia with
violation of the Equal Pay Act[1] at Georgia
Southwestern College. *See Marshall v.
Georgia Southwestern College*, 489 F.Supp.
1322 (M.D.Ga.1980), for a complete descrip-
tion of the controversy by the district court.

Remaining is the entry of a decree fashion-
ing relief.

After the court entered its findings of
fact and conclusions of law the Secretary
submitted to the court a proposed final
judgment which afforded back pay to
named female faculty members and en-
joined the State from discriminating
against employees on the basis of sex at any
institution in the University System of
Georgia. The defendant objected to certain
specifics about the proposed computations
of the back pay awards and to the breadth
of the injunctive relief.

Thereafter the court *sua sponte* sent a
memorandum to counsel for the parties in
which the court suggested that they confer
in order to reach an agreement on the cal-
culation of the damages. In the memoran-
dum the court then wrote:

As to the specifics of an injunctive
order, the court desires to hear further
evidence as to the manner in which facul-
ty salaries at entering and subsequent
levels are determined by the Board of
Regents for its faculty as a whole and for
the faculty of each institution viewed
separately. Assuming that some colleges
in these United States have some type of
objective system of setting faculty sala-
ries, what are those systems? Who in the
world of higher education is possessed of
some expertise in this area? Does the
American Association of University Pro-
fessors already have and if not, can it
obtain more information? What addi-
tional evidence do you think the court
should hear?

The State of Georgia objected to providing
further evidence and filed a motion request-
ing the court to enter judgment. While the
brief of the State in support of its motion
for entry of judgment is not as clear as
could be hoped for with respect to its con-
tentions, I understand the position of the
State to be that it concedes that the court
can enter an injunction that would restrain
the defendant State and Board of Regents
from violating any provisions of the Equal

1. Fair Labor Standards Act of 1938 (as amend-
ed), 29 U.S.C. § 201 *et seq.*

Pay Act. They must concede this point because the proposed injunction is nothing but an order that the defendant obey the law. *See Brennan v. J. M. Fields, Inc.,* 488 F.2d 443 (5th Cir. 1973), *cert. denied,* 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed. 121 (1974), for a holding by this court that based upon violations of the Act in one store a company could be enjoined from violations throughout its chain of stores. While the State has some disagreement with the Secretary about the calculations of back pay, the State urges that this is the only determination that need be made by the district court before entry of final judgment.

It is apparent from the district court's letter and from a conference conducted by the court with counsel on January 30, 1981, that the court now wishes to develop facts as to how professors are paid throughout the University System before entering a final judgment. At the conference the court discusses the appointment of a special master for that purpose. At the hearing the attorneys for the Secretary stated that the Secretary had no additional evidence to offer.

I disagree with my brothers in the denial of the petition for writ of mandamus and/or prohibition. The issues framed by the pleadings have been tried and the evidence has been submitted. Those employees at Georgia Southwestern College who have suffered discrimination have apparently prevailed, and if judgment could be entered they can be paid an award of damages. A judgment or decree should be based upon the issues which are controverted as framed by the pleadings and the evidence. A trial judge is a referee or arbiter whose challenge is to distill the truth from the conflicting evidence and issue a judgment or decree that will settle the controversy within the foregoing framework. Admittedly, a court of equity is empowered to broaden the scope of an injunction. *See Brennan v. J. M. Fields, Inc., supra.* This the district court can do here. In my opinion, it is not empowered *sua sponte* to direct the defendant to produce evidence respecting issues not submitted by the plaintiff or pleaded or tried by the parties. The holding of the majority would permit a district court to continue a case indefinitely and to broaden a case to whatever scope the court deemed desirable. I do not believe courts have this power.