649 F.2d 383
 In Re GEORGIA SOUTHWESTERN COLLEGE, Scott Candler, Jr.,
Rufus R. Coody, Erwin A. Friedman, Charles A. Harris, Jesse
Hill, Jr., Torbitt O. Ivey, Jr., Milton Jones, James D.
Maddox, Eldridge W. McMillan, Charles T. Oxford, Lamar R.
Plunkett, John H. Robinson, III, P. Bobby Smith, David
Tisinger, Carey Williams, as Members, Board of Regents of
the University System of Georgia, and the State of Georgia,
Petitioners.
 No. 81-7275.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 May 26, 1981.
 On Petition for Writ of Mandamus and/or Prohibition to the United States District Court for the Middle District of Georgia; Wilbur D. Owens, Jr., Judge.
 George P. Shingler, Asst. Atty. Gen., Atlanta, Ga., for appellants.
 Murray Battles, U.S. Dept. of Labor, Birmingham, Ala., Karen MacRae Smith, E.E.O.C., Appellate Atty., Appellate Branch, Washington D.C., for appellees.
 Before TJOFLAT, VANCE and THOMAS A. CLARK, Circuit Judges.
 
 BY THE COURT:
 
 1
 IT IS ORDERED that the petition for writ of mandamus and/or prohibition is denied.
 
 THOMAS A. CLARK, Circuit Judge, dissenting:
 
 2
 I dissent. The district court adjudicated the liability aspects of the Secretary's suit which charged the State of Georgia with violation of the Equal Pay Act[1] at Georgia Southwestern College. See Marshall v. Georgia Southwestern College, 489 F.Supp. 1322 (M.D.Ga.1980), for a complete description of the controversy by the district court. Remaining is the entry of a decree fashioning relief.
 
 
 3
 After the court entered its findings of fact and conclusions of law the Secretary submitted to the court a proposed final judgment which afforded back pay to named female faculty members and enjoined the State from discriminating against employees on the basis of sex at any institution in the University System of Georgia. The defendant objected to certain specifics about the proposed computations of the back pay awards and to the breadth of the injunctive relief.
 
 
 4
 Thereafter the court sua sponte sent a memorandum to counsel for the parties in which the court suggested that they confer in order to reach an agreement on the calculation of the damages. In the memorandum the court then wrote:
 
 
 5
 As to the specifics of an injunctive order, the court desires to hear further evidence as to the manner in which faculty salaries at entering and subsequent levels are determined by the Board of Regents for its faculty as a whole and for the faculty of each institution viewed separately. Assuming that some colleges in these United States have some type of objective system of setting faculty salaries, what are those systems? Who in the world of higher education is possessed of some expertise in this area? Does the American Association of University Professors already have and if not, can it obtain more information? What additional evidence do you think the court should hear?
 
 
 6
 The State of Georgia objected to providing further evidence and filed a motion requesting the court to enter judgment. While the brief of the State in support of its motion for entry of judgment is not as clear as could be hoped for with respect to its contentions, I understand the position of the State to be that it concedes that the court can enter an injunction that would restrain the defendant State and Board of Regents from violating any provisions of the Equal Pay Act. They must concede this point because the proposed injunction is nothing but an order that the defendant obey the law. See Brennan v. J. M. Fields, Inc., 488 F.2d 443 (5th Cir. 1973), cert. denied, 419 U.S. 881, 95 S.Ct. 146, 42 L.Ed. 121 (1974), for a holding by this court that based upon violations of the Act in one store a company could be enjoined from violations throughout its chain of stores. While the State has some disagreement with the Secretary about the calculations of back pay, the State urges that this is the only determination that need be made by the district court before entry of final judgment.
 
 
 7
 It is apparent from the district court's letter and from a conference conducted by the court with counsel on January 30, 1981, that the court now wishes to develop facts as to how professors are paid throughout the University System before entering a final judgment. At the conference the court discusses the appointment of a special master for that purpose. At the hearing the attorneys for the Secretary stated that the Secretary had no additional evidence to offer.
 
 
 8
 I disagree with my brothers in the denial of the petition for writ of mandamus and/or prohibition. The issues framed by the pleadings have been tried and the evidence has been submitted. Those employees at Georgia Southwestern College who have suffered discrimination have apparently prevailed, and if judgment could be entered they can be paid an award of damages. A judgment or decree should be based upon the issues which are controverted as framed by the pleadings and the evidence. A trial judge is a referee or arbiter whose challenge is to distill the truth from the conflicting evidence and issue a judgment or decree that will settle the controversy within the foregoing framework. Admittedly, a court of equity is empowered to broaden the scope of an injunction. See Brennan v. J. M. Fields, Inc., supra. This the district court can do here. In my opinion, it is not empowered sua sponte to direct the defendant to produce evidence respecting issues not submitted by the plaintiff or pleaded or tried by the parties. The holding of the majority would permit a district court to continue a case indefinitely and to broaden a case to whatever scope the court deemed desirable. I do not believe courts have this power.
 
 
 
 [1]
 Fair Labor Standards Act of 1938 (as amended), 29 U.S.C. § 201 et seq